Per Curiam.
The action was against the defendant as the maker of a promissory note. The payee, after-endorsing the note, had transferred it to the plaintiff. The only question upon the trial was, and upon the appeal is, whether the plaintiff was incontrovertibly *436 shown to have been the bona fide purchaser of the note.
The defendant’s counsel did not claim that the jury should pass upon the credibility of the witnesses who testified to the circumstances of the discounting of the note. These circumstances did not disclose any notice to the plaintiff of any infirmity in the claim of the endorsers against the defendant. The plaintiff gave the face value of the note, less interest to the day of maturity.
Some particular facts on which appellant relies will be noticed.
It is said that plaintiff did not pay money on the faith of the note. The facts are to the contrary. Although the plaintiff’s president was content to take the note, without examination of the defendant’s responsibility as maker, it was not an admissible inference that he did not intend to rely and did not rely upon the defendant’s liability upon the note. It was certain that there was no purpose of excluding anything that might be, in any contingency, security.
It is further argued that the note was not taken in the usual course of business. This argument is based in part upon the fact that the note was discounted five days before its maturity. This cannot be an unusual instance ; for, when a note is to be discounted will de-: pend upon the desire of the holder to obtain money for it.. That desire may arise at the last part as well as at the first part of the running of the paper. The discounter would see nothing suspicious in the fact that the holder had not wunted money until the time he ap^ plied. But in accordance with the fact, it is said that it was not usual for the bank “ to discount a note five days before maturity for a party that has not got any account in the bank.” There is no inference from this that when a person not a depositor applied for a discount it would be out of the course of business to discount because such applications were not frequent.
*437 After the discounting of the note, the plaintiff, at the request of the endorsers, omitted to sue them, but brought this suit against the maker.
It is supposed that this would permit a jury to infer, in some way, that the plaintiff had discounted the note with notice that the endorsers had no action upon it against the defendant.
If, as it has already been said, the plaintiff obtained title, it would not have been of any benefit to the defendant that he should have been sued jointly wTith the endorsers. The result in such an action would have been the same as the result in this action, namely, a judgment against the defendant. The fact that the endorsers were not sued indicated a friendly feeling to them. This may have existed at the time of the discount. The indulgence of such a feeling would not prevent the plaintiff gaining a good title free from defences, provided, otherwise, there was good faith and an absence of notice of defences.
The judgment should be affirmed, with costs.